ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN DONNELL, | ) |
| | ) CASE NO. 1:20CR592 |
| Petitioner, | )         1:23CV2472 |
| | ) |
| v. | ) |
| | ) Judge John R. Adams |
| UNITED STATES OF AMERICA, | ) |
| | ) **ORDER** |
| Respondent. | ) |
| | ) |

Pending before the Court is Petitioner Jonathan Donnell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 62. The Government has opposed the motion, and Donnell has replied. Upon review, the motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Donnell's contention appears to be that his trial counsel was ineffective in five instances: 1) failing to properly argue the rule of completeness when jail calls were played for the jury, 2) failing to file a motion to suppress, 3) failing to request a *Franks* hearing, 4) failing to "pursue counsel's duties and violating rules of professional conduct," and 5) failing to investigate the

owner of the Valor Arms revolver. The Court reviews each contention in turn.

Donnell's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Donnell must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Donnell must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

1. Rule of Completeness

Donnell maintains the same argument that was presented at trial – that his jail calls were somehow taken out of context. However, the Court heard the portions of the calls at issue. Those portions directly refute Donnell's contentions that he was not admitting conduct but instead

reiterating *allegations* that were made against him during his arraignment. The plain language of the calls that were played undisputedly demonstrate Donnell's role in the robbery at issue. As such, there is no merit to his contention that other portions of the calls should have been played to the jury.

2. Motion to Suppress

Donnell next argues that his counsel was ineffective for failing to file a motion to suppress. However, Donnell focuses upon his incorrect belief that his cell phone was seized unlawfully. Officers are permitted to seize and secure cell phones to prevent destruction of evidence while seeking a warrant. *Riley v. California*, 573 U.S. 373, 388 (2014). Here, officers had ample reason to believe that Donnell's phone contained evidence related to the robbery. Moreover, they properly secured a warrant before searching the contents of the phone. Donnell, therefore, cannot demonstrate that his counsel was deficient for failing to file a motion to suppress.

3. *Franks* hearing

Donnell next asserts that his counsel should have requested a *Franks* hearing because "the magistrate judge that issued the warrant was misled by detectives." Doc. 62 at 10. Donnell does not argue that any particular statement made in support of the warrant was false or misleading. Instead, he appears to argue that only one individual, Mike Ward, could have provided sufficient evidence to demonstrate probable cause to search Donnell's phone. In so doing, Donnell ignores all of the evidence gathered by detectives before obtaining the warrant. As Donnell has failed to identify any false or misleading statement contained in the affidavit, he has also failed to show deficient performance by his counsel.

4. Failing to pursue counsel's duties

In his fourth ground for relief, Donnell alleges a hodge podge of deficiencies by his counsel

that appear to include claims that his counsel did not investigate his defense enough, did not communicate with him frequently enough, and did not obtain an affidavit from his co-defendant. While making these assertions, Donnell has failed to articulate any conceivable prejudice stemming from them. The Court presided over the trial in this matter and there was never any doubt about Donnell's guilt. Moreover, there is nothing in the record to suggest that counsel was unprepared for trial, that Donnell was unhappy with counsel's preparation for trial, or that Donnell's co-defendant had any information that would have impacted the verdict. Accordingly, Donnell cannot demonstrate prejudice from any of these alleged deficiencies.

5. Firearm Owner

In his final ground for relief, Donnell claims that counsel was deficient for failing to investigate the owner of the Valor Arms firearm. Donnell has wholly failed to explain how determining ownership of the firearm had any relevance to the robbery proceedings before this Court, especially Donnell's role in the robbery. As such, this argument does not offer any support to vacate the conviction.

The motion to vacate is DENIED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

April 15, 2025                                              /s/John R. Adams
Date                                                                          John R. Adams
                                                                                         U.S. District Judge